UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-00012-JHM

COMMERICAL CONNECT, LLC                                                         PLAINTIFF

V.

INTERNET CORPORATION FOR ASSIGNED
NAMES AND NUMBERS AND INTERNATIONAL
CENTRE FOR DISPUTE RESOLUTION                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion by Plaintiff, Commercial Connect, LLC, for an injunction seeking to preliminarily enjoin Defendant, Internet Corporation for Assigned Names and Numbers ("ICANN"), from proceeding with the January 27, 2016 auction of the gTLD ".shop" [DN 3] and a motion by Plaintiff's counsel to withdraw as attorney of record [DN 7]. The Court conducted a telephonic conference January 22, 2016. The Defendant, ICANN, filed a response to the motion for preliminary injunction [DN 10]. Fully briefed, these matters are ripe for decision.

**I.   MOTION TO WITHDRAW AS COUNSEL**

On January 18, 2016, Paul R. Schurman, Jr., counsel for Plaintiff, filed a motion to permit him to withdraw as counsel of record pursuant to Local Rule 83.6. Counsel represents that since the filing of the complaint, Commercial Connect has expressed a desire to pursue a legal course of action with which counsel fundamentally disagrees. Counsel argues that this course of action has rendered continued representation unreasonably difficult. Specifically, counsel cites a 2012 release/waiver executed by Commercial Connect in connection with this

case. At the telephonic conference on January 22, 2016, corporate representative Jeffrey Smith objected to the withdrawal of counsel. The Court provided Smith the opportunity to file a written objection to the motion to withdraw. On Monday, Smith informed the Court that he would not file any written objections.

"[The] Court has broad discretion to determine whether and under what terms to allow an attorney to withdraw as counsel of record." McGraw-Hill Global Education, LLC v. Griffin, 2015 WL 9165965, *1 (W.D. Ky. Dec. 16, 2015). See also Wiggins v. Daymar Colleges Grp., LLC, 2015 WL 9480472, *2 (W.D. Ky. Dec. 29, 2015); Brandon v. Blech, 560 F.3d 536 (6th Cir. 2009). Local Rule 83.6(b) provides that an attorney of record may withdraw from a case if "[t]he attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose." After hearing the argument of counsel, the Court finds that Plaintiff's counsel has made an adequate showing of good cause for withdrawal. Good cause exists where an attorney's continued representation of a client could subject counsel to Rule 11 sanctions. See Model Rules of Professional Conduct 1.16(b)(3)(withdrawal proper where client "insists upon pursuing an objective that the lawyer considers . . . imprudent."). Accordingly, counsel's motion to withdraw is granted. Plaintiff shall have thirty (30) days in which to secure replacement counsel. It is settled law that a corporation must appear in federal court through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993); see also State Auto Ins. Co. v. Thomas Landscaping & Constr., Inc., 494 Fed. Appx. 550, 2012 WL 3326310, *5 (6th Cir. 2012).

## II.  MOTION FOR PRELIMINARY INJUNCTION

### A.  BACKGROUND

Plaintiff, Commercial Connect, offers domain name registry services to the e-commerce

market. In 2000, Commercial Connect began the application process to operate a top-level domain ("TLD") name registry, ".shop." Defendant, ICANN, is a California non-profit public benefit corporation tasked with administering the internet's Domain Name System ("DNS"). ICANN manages key aspects of internet infrastructure, including the coordination of domain names, internet protocol addresses, protocol port, and parameter numbers. Throughout its history, ICANN has sought to expand the number of accessible TLDs in the DNS. According to Plaintiff, ICANN expanded the DNS from the original six gTLDs (".com"; ".org"; ".net"; ".edu"; ".gov"; and ".mil") to 22 gTLDs and approximately 250 country-code TLDs.

In 2000, ICANN opened an application process for the ".shop" gTLD. Commercial Connect submitted its application. According to Plaintiff, ICANN never approved nor rejected Commercial Connect's application. Instead, ICANN informed Commercial Connect that its original application would be held until the next round of consideration for the TLD applications to be held in 2004. Plaintiff alleges that ICANN did not consider Commercial Connect's application in 2004.

In 2012, ICANN launched the "New gTLD Program" which resulted in nearly 2,000 applications for new gTLDs, such as the ".shop" gTLD. Commercial Connect submitted its application to ICANN to operate the ".shop" gTLD and actively participated in the procedures set forth in the Application Guidebook. Pursuant to these procedures, Commercial Connect filed string confusion objections against 21 applications that Plaintiff claimed to be confusingly similar to its application for ".shop." Under the Application Guidelines, in the event that such a dispute could not be resolved through dispute resolution, the right to operate the gTLD in question proceeds to an ICANN-facilitated auction. Plaintiff's 2012 Application, along with eight other applications for ".shop," is currently in a contention set that is set to be resolved in a

January 27, 2016 auction.

Plaintiff filed suit on January 6, 2016, alleging breach of contract, fraudulent misrepresentation, and breach of the covenant of good faith and fair dealing. Plaintiff contends that due to ICANN's missteps in the application process, ICANN never awarded the promised registry-operator agreement to any of the applicants, instead designating the ".shop" gTLD rights be sold at auction on January 27, 2016. In an effort to prevent the auction, Plaintiff filed the motion for a preliminary injunction.

## B. PRELIMINARY INJUNCTION STANDARD

A preliminary injunction is an extraordinary remedy that is generally used to preserve the status quo between the parties pending a final determination of the merits of the action. In determining whether to issue a preliminary injunction, the Court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007) (quoting Tumblebus Inc. v. Cranmer, 399 F.3d 754, 760 (6th Cir. 2005)). It is unnecessary for the Court to make findings regarding each factor if "fewer are dispositive of the issue." In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985) (citing United States v. School Dist. of Ferndale, Mich., 577 F.2d 1339, 1352 (6th Cir. 1978)); "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012)(internal quotation marks omitted).

## C. DISCUSSION

The Court must first consider whether the Plaintiff has demonstrated a strong likelihood of success on the merits. Tenke, 511 F.3d at 543. To satisfy this burden, a plaintiff must show "more than a mere possibility of success" on the merits; he must raise "questions . . . so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." Id. (quotations omitted).

Plaintiff alleges three claims against ICANN for fraudulent misrepresentation, breach of contract, and breach of the covenant of good faith and fair dealing.  First, Plaintiff claims that ICANN fraudulently misrepresented its gTLD application process in order to induce registry operators to partake in the process and then failed to honor its explicit and implicit obligations. Second, with respect to its breach of contract claim, Plaintiff argues that ICANN developed a contractual relationship with Commercial Connect whereby Commercial Connect paid valuable consideration to ICANN in exchange for the right to participate in ICANN's new gTLD Application Process.  Plaintiff maintains that ICANN breached its contractual obligations set forth in its Application Guidebook when it failed to comply with the pre-published application process.  Third, Plaintiff alleges that ICANN breached its implied covenant of good faith and fair dealing when it acted in a way that deprived Commercial Connect of the benefits of the agreement as set forth in the Applicant Guidebook, namely, a gTLD application, evaluation, and selection process founded on the principles of fairness, transparency, and non-discrimination. Defendant maintains that Plaintiff failed to establish a likelihood of success on the merits because all of Plaintiff's claims are barred by the releases Plaintiff accepted in connection with both its 2012 and 2000 Applications.

"A release is a discharge of a claim or obligation and surrender of a claimant's right to

prosecute a cause of action, statutory or otherwise." PNC Bank, Nat. Ass'n v. Seminary Woods, LLC, 2015 WL 4068380, *21 (W.D. Ky. July 2, 2015)(citing Humana, Inc. v. Blose, 247 S.W.3d 892, 896 (Ky. 2008)). The interpretation of a release is governed by the same rules of construction as contracts. 3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist., 174 S.W.3d 440, 448 (Ky. 2005). Under Kentucky law, "'[t]he construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court.'" Dynalectric Co. v. Whittenberg Constr. Co., 2010 WL 4062787 (W.D. Ky. Oct. 15, 2010) (quoting Frear v. P.T.A. Indus. Inc., 103 S.W.3d 99, 105 (Ky. 2003)).

The record reflects that in pursuing its application for the ".shop" gTLD, Plaintiff accepted and agreed to several releases discharging ICANN from all liability arising out of Plaintiff's application and/or ICANN's evaluation of that application. Most recently, by submitting its 2012 Application, Plaintiff agreed to the terms and conditions set forth in Module 6 of the Application Guidebook:

> 6. Applicant hereby releases ICANN and the ICANN Affiliated Parties from any and all claims by applicant that arise out of, are based upon, or are in any way related to, any action, or failure to act, by ICANN or any ICANN Affiliated Party in connection with ICANN's or an ICANN Affiliated Party's review of this application, investigation or verification, any characterization or description of applicant or the information in this application, any withdrawal of this application or the decision by ICANN to recommend, or not to recommend, the approval of applicant's gTLD application. APPLICANT AGREES NOT TO CHALLENGE, IN COURT OR IN ANY OTHER JUDICIAL FORA, ANY FINAL DECISION MADE BY ICANN WITH RESPECT TO THE APPLICATION, AND IRREVOCABLY WAIVES ANY RIGHT TO SUE OR PROCEED IN COURT OR ANY OTHER JUDICIAL FORA ON THE BASIS OF ANY OTHER LEGAL CLAIM AGAINST ICANN AND ICANN AFFILIATED PARTIES WITH RESPECT TO THE APPLICATION. . . .

(Oyler Decl. Ex. C, Module 6, ¶ 6.)  The release is clear and comprehensive.  All of Plaintiff's claims arise out of ICANN's review of Plaintiff's 2012 Application and the decision by ICANN to not recommend the approval of the applicant's gTLD application.  Accordingly, Plaintiff's claims appear to be barred by the release set forth in the 2012 Application.  Plaintiff has neither challenged the language of the release, nor made any allegations that Commercial Connect was fraudulently induced into executing the release.  In fact, Plaintiff currently lacks counsel to address the implications of the release on Plaintiff's claims.

Additionally, in as much as Plaintiff asserts claims based on its 2000 Application, Plaintiff's claims also appear to be barred by the terms and conditions of both the 2000 Application and the 2012 Application.  Specifically, the 2000 Application provided that the applicant agreed to "release[] and forever discharge[] ICANN . . . from any and all claims and liabilities relating in any way to (a) any action or inaction by or on behalf of ICANN in connection with this application or (b) the establishment or failure to establish a new TLD."  (Oyler Decl. Ex. A, 2000 Application, ¶B14.2.)  Additionally, upon Plaintiff's request that ICANN apply a credit to Plaintiff's 2012 Application, Plaintiff confirmed that it "has no legal claims arising from the 2000 proof-of-concept process."  (Oyler Decl. Ex. B.)

For these reasons, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits of its claims.  Plaintiff's failure to meet its burden on this factor is dispositive.  Even if the Court were to find in favor of Plaintiff on the remaining factors, such findings would not overcome Plaintiff's failure to show a likelihood of success on the merits.  See Gonzales v. National Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000) (finding it unnecessary to analyze the other factors because "a finding that there is simply no likelihood of success on the merits is usually fatal"); see also Mich. State AFL–CIO v. Miller, 103 F.3d 1240,

1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). Accordingly, Plaintiff's motion for preliminary injunction is denied.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the motion by Paul R. Schurman, Jr., to withdraw as counsel of record on behalf of Commercial Connect, LLC [DN 7] is **GRANTED**. Plaintiff shall have thirty (30) days in which to secure replacement counsel.

**IT IS FURTHER ORDERED** that the motion by Plaintiff for preliminary injunction [DN 3] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record
    Jeffrey Smith via e-mail

January 26, 2016